456

(No. 3020—▮▮▮▮▮▮)

S. A. BEALS, DOING BUSINESS AS WILSON HAZEL DRUG COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1937.*

ALLEN H. SCHULTZ, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On October 28th, 1936 claimant filed his complaint herein, in which he alleges that on May 1st, 1936 he was engaged in selling alcoholic liquors at retail in the City of Chicago; that on the morning of said date he paid the sum of $58.33 as a fee for a retailer's license for the period from May 1st, 1936 to June 30th, 1937, under the provisions of the Illinois Liquor Control Act; that at twelve o'clock noon on said 1st day of May, he sold his said business; that on May 2d, 1936 he requested the Liquor Control Commission of the City of Chicago to cancel the local retail liquor license issued to him by said city; that said local retail liquor license was officially cancelled on May 21st, 1936; that since twelve o'clock noon on said 1st day of May, 1936 he has not engaged in the sale of alcoholic liquors at retail; that since said 21st day of May, 1936 he has not been licensed by the local authorities of the City of Chicago; that the Illinois Liquor Control Commission has failed to direct the Department of Finance to issue a license to him "inasmuch as the claimant does not

hold a retailer's license'' issued by the local authorities; that said Illinois Liquor Control Commission has refused to refund the amount of the license fee paid by him to it; and he therefore asks for a refund of such license fee.

Notwithstanding the allegation in the complaint to the effect that the Liquor Control Commission has failed to direct the Department of Finance to issue a license to him, it is admitted by both claimant and respondent that a formal certificate or license was duly issued to claimant by the Department of Finance on June 5th, 1936.

The Attorney General has entered a motion to dismiss the case for the reason that there is no liability on the part of the respondent to make a refund under the facts in the case.

The complaint alleges that claimant was engaged in the sale of alcoholic liquors at retail on May 1st, 1936, and that he sold his place of business at noon of that day. Consequently he was engaged in business for half a day.

The question involved in this case is the question of the right of a retail liquor dealer to a refund of the license fee paid by him, when he voluntarily retires from business, after the commencement and before the expiration of the term for which application was made. The period during which the licensee continued in business, whether one-half day, one day, one month or six months, does not affect the question of the right to such refund.

This question was fully considered by the court at the present term in the case of *Emil Kellner & Co.* vs. *State,* No. 2546, to which reference is hereby made. The facts in that case were similar to the present case and we there reached the conclusion that the claimant was not entitled to a refund of the license fee paid by him. The same conclusion was previously reached in the case of *Robb* vs. *State,* No. 2706, decided at the January term, 1936.

For the reasons set forth in the Kellner case, award must be denied.

Award denied. Case dismissed.